IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 18-CR-196 |
| | § | |
| FABIAN SPOTTS | § | |

ORDER OF DETENTION PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention pending trial and the Defendant waived his right to a detention hearing. That waiver of detention hearing is entered in the record as Dkt. No. 15. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)    The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

            [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

            [ ]    an offense for which the maximum sentence is life imprisonment or death.

            [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

            [ ]    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

    [ ] (2)    The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

[ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]      B.      Findings of Fact [18 U.S.C. § 3142(e)]

[ ] (1) There is probable cause to believe that the defendant has committed an offense

         [ ]      for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
                 ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

         []      under 18 U.S.C. § 924(c).

[ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]      C.      Findings of Fact [18 U.S.C. § 3142(f)(2)]

[X] (1)      Defendant is accused of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922 and 924, and possession of body armor by a convicted felon in violation of 18 U.S.C. §§ 931 and 924.

[X] (2)      There is a serious risk that the defendant will flee.

[X] (3)      Defendant represents a danger to the community.

[ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]      D.      Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1) As a condition of release of the defendant, bond was set as follows:

[ ] (2)

[X] (3)      I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[X] (4)      I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person

or the community.

## Written Statement of Reasons for Detention

I find that the accusations in the indictment and the information submitted in the Pretrial Services Agency report establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant was born and raised in New Orleans, Louisiana, and moved to Houston, Texas in 2005 after Hurricane Katrina. For the past 6 months, Defendant has lived with his girlfriend and their 2 year old child in an apartment, and reported he would return to this address if released on bond. Defendant denied having a US passport and denied owning or the presence of firearms in his home.

2. Defendant was raised by his mother, who resides in Houston, and his father resides in Fort Worth, TX. Defendant has three half-siblings – one resides in New Orleans, LA, and the other two reside in Houston, TX. He maintains every other day contact with his mother and has monthly contact with his father.

3. Defendant is single and has never married. He has been in a relationship with his girlfriend for the last 5 years, and they have lived together for the last 2 years. Defendant has another child, age 4, from a previous relationship. He reports he was not court-ordered to pay child support, and provides financial support when he is able.

4. Defendant is currently unemployed and has no assets. His estimated monthly cash flow is -$1,725.00. Defendant and his girlfriend receive financial support from the girlfriend's mother.

5. Defendant has substance abuse history. He uses alcohol occasionally, and used it 1 month ago. He uses cannabinoids daily and prescription opiates weekly, and last used both 1 week ago. He also uses club/designer drugs (Ecstasy and GHB) occasionally and last used it 6 years ago. He has undergone substance abuse treatment, but is not currently being treated.

6. Defendant has a criminal record including charges for unlawfully carrying a weapon, robbery that resulted in bodily injury, possession of Marijuana, evading arrest, trespass to property (dismissed), carrying a handgun in a motor vehicle, assault on a family member, possession of a controlled substance (dismissed), firearm

smuggling, and felon in possession of a weapon.

7. Defendant reported he joined the "Bloods" gang in 2009, and has been inactive for the last 2 years. According to a NCIC report, Defendant is identified as a "59 Bounty Hunters" gang member.

8. Defendant is presently accused of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922 and 924, and possession of body armor by a convicted felon in violation of 18 U.S.C. §§ 931 and 924. He faces up to 10 years in prison.

9. The nature of the offense warrants detention.

10. There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Detention is ordered.

<u>Directions Regarding Detention</u>

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas on April 17, 2018.

_____
Stephen Wm Smith
United States Magistrate Judge