UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. H-18-196 |
| | § |
| FABIAN SPOTTS | § |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Carrie Wirsing, Assistant United States Attorney, and the defendant, Fabian Spotts ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts One, Two and Three of the Indictment. Count One, Two and Three charge Defendant with Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The penalty for a violation of Title 18, United States Code, Section 922(g) is imprisonment of not more than ten (10) years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release of up to three (3) years. *See* Title 18, United States Code, sections 3559(a) and 3583(b). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already

served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00). The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on

collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreement

8. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts One, Two and Three of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss Count Four of the Indictment at the time of sentencing; and

(b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a)

of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(c)     If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense (if Defendant's offense level is 16 or greater); and

(d)     The United States agrees not to file charges for the firearm Defendant was found in possession of at the time of his arrest on April 4, 2018.

### Agreement Binding - Southern District of Texas Only

9. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11.  Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a).  Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offenses to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.  Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

12.  Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.  Defendant understands that the rights of a defendant include the following:

> (a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

> (b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant.  Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.  In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.  If the witnesses for Defendant would not appear

voluntarily, he could require their attendance through the subpoena power of the court; and

(c)  At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

13.  Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts One, Two and Three of the Indictment. If this case were to proceed to trial, the United States would prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

In June 2017, ATF agents received information that FABIAN SPOTTS was selling stolen firearms utilizing social media (i.e., Twitter).

Between October 27, 2017, and November 1, 2017, an ATF confidential informant ("CI") had several telephone conversations, text messages, and Twitter messages with FABIAN SPOTTS regarding the purchase of firearms. SPOTTS sent two pictures of AR-15 style rifles to the CI via Twitter. On October 31, 2017, a controlled call was made by the CI to SPOTTS regarding the details of the purchase. The CI asked SPOTTS if he could meet somewhere halfway between Southwest Houston and North Houston. SPOTTS stated that he would not leave his "trap" because he has four guns and he is a felon. The conversation was recorded.

On November 1, 2017, an undercover ATF agent and confidential informant met with SPOTTS at the Palms on Westheimer Apartments, located at 6425 Westheimer in Houston, Texas. While there, they purchased from SPOTTS an Anderson Manufacturer, model AM-15, 5.56 caliber semi-automatic rifle with EOTech sights and two magazines for $1500. SPOTTS said he gets all brand new guns, that he only dealt with firearms of high quality and that he was known for having high quality firearms. SPOTTS also stated that he "ran through" about 13 to 14 guns that week. The undercover agent told SPOTTS that he was taking the firearms "south" to resell them, but SPOTTS' prices were too high to make a profit reselling the firearms in Mexico. SPOTTS said he would be willing to provide a better price. The transaction was audio/video recorded.

On November 21, 2017, an undercover ATF agent and confidential informant again met with SPOTTS at the Palms on Westheimer Apartments. While there, they purchased from SPOTTS a Southern Arms and MFG LLC, model SAF-15, 5.56 caliber semi-automatic rifle with an empty magazine and a Mega Machine Shop Inc., model MATEN, 5.56 caliber AR-10 style semi-automatic rifle and four (4) magazines loaded with ammunition for $2,000 each. The transaction was audio/video recorded. It was determined that the Southern Arms rifle was reported stolen out of Brazoria County.

On December 5, 2017, an undercover ATF agent and confidential informant met with

SPOTTS a third time at the Palms on Westheimer Apartments. While there, they purchased from SPOTTS an Anderson Manufacturer, model AM-15, 5.56 caliber semi-automatic rifle, a one hundred round drum magazine with ammunition and body armor for $3500 total. The transaction was audio/video recorded.

ATF agents determined that each firearm met the federal definition of a firearm and that their place of manufacture was as follows:

Both Anderson Manufacturer, model AM-15, 5.56 caliber semi-automatic rifles, state of Kentucky;
Mega Machine Shop Inc., model MATEN, 5.56 caliber semi-automatic rifle, state of Washington;
Southern Arms and MFG LLC, model SAF-15, 5.56 caliber semi-automatic rifle state of Texas.

ATF agents further determined that three of the four firearms were manufactured outside the state of Texas, and that those three firearms had therefore traveled in and/or affected interstate commerce to arrive in Texas.

It was further determined that SPOTTS had previously been convicted of a felony offense punishable by imprisonment for a term exceeding one year, namely, Robbery/Bodily Injury.

Defendant FABIAN SPOTTS, after having been convicted of a felony, did knowingly and unlawfully possess in or affecting commerce one or more firearms which had been shipped or transported in interstate commerce.

**Breach of Plea Agreement**

14. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Restitution, Forfeiture, and Fines – Generally**

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Forfeiture**

19. Defendant stipulates and agrees that the property listed in the Indictment's Notice of

Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture: an Anderson Manufacturer, model AM-15, 5.56 caliber semi-automatic rifle bearing serial number 16140948, two (2) magazines loaded with ammunition, two (2) EOTech sights, a Mega Machine Shop Inc., model MATEN, 5.56 caliber AR-10 style semi-automatic rifle bearing serial number MA01366, four (4) magazines loaded with ammunition, an Anderson Manufacturer, model AM-15, 5.56 caliber semi-automatic rifle bearing serial number 17128677, a 100-round 5.56 caliber drum magazine fully loaded with ammunition, a Southern Arms and MFG LLC, Model SAF-15, 5.56 caliber semi-automatic rifle bearing serial number SA0021, two (2) magazines loaded with ammunition, and a Second Chance bullet proof vest.

20. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

21. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

22. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

23. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay

payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

24. This written plea agreement, consisting of 11 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

25. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _June 25_, 2018.

_____
Defendant

Subscribed and sworn to before me on _June 25_, 2018.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:
Ryan K. Patrick
United States Attorney

By: _____
Carrie Wirsing
Assistant United States Attorney
Southern District of Texas
Telephone: 713-567-9568
carrie.wirsing@usdoj.gov

_____
Windi Pastorini, Attorney for Defendant

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | CRIMINAL NO. H-18-196 |
| FABIAN SPOTTS | § | |

### PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____    6/25/18
Attorney for Defendant                              Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____    6/25/18
Defendant                                              Date